IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| CF INDUSTRIES HOLDINGS, INC., <br> CF INDUSTRIES SALES, LLC, AND <br> CF INDUSTRIES, INC. <br><br> Plaintiffs, <br><br> v. <br><br> IRONSHORE SPECIALTY INSURANCE <br> COMPANY, GREAT AMERICAN <br> ASSURANCE COMPANY, and <br> ENDURANCE AMERICAN SPECIALTY <br> INSURANCE COMPANY <br><br> Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO.  6:16-cv-138 |

**DEFENDANT GREAT AMERICAN ASSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, **GREAT AMERICAN ASSURANCE COMPANY** ("Great American"), files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446, and respectfully invokes the diversity jurisdiction of this honorable Court under 28 U.S.C. § 1332.

**NATURE OF THE SUIT**

1.     Plaintiffs contend that Great American wrongfully denied its insurance claim for defense coverage under an excess liability policy.  Plaintiffs allege that Great American and Ironshore Specialty Insurance Company ("Ironshore Specialty") breached contracts of excess insurance and seek a declaratory judgment regarding insurance coverage for certain defense expenses in the Underlying Litigation.  Plaintiffs also allege that an underlying insurer, Endurance American Specialty Insurance Company ("Endurance American") which has

exhausted its coverage and is no longer involved in the Underlying Litigation, should be forced to reform its policy, although such reformation would result in no recovery to Plaintiffs and such reformation has no connection to the claims against Defendants Great American and Ironshore Specialty.

**PROCEDURAL BACKGROUND**

2.   On April 28, 2016, Plaintiffs, CF Industries Holdings, Inc., CF Industries Sales, LLC, and CF Industries, Inc. ("Plaintiffs"), filed Plaintiffs' Original Petition, bearing Cause No. 2016-1589-4, to institute suit against the Defendant in the 170th Judicial District Court, of McLennan County, Texas, ("the State Court Action").[1]  Before Plaintiffs filed this action, a declaratory petition seeking a declaratory judgment regarding the same coverage issues had previously been filed by Defendants Great American and Ironshore Specialty against Plaintiffs in the United States District Court for the Western District of Texas, Waco Division, on April 21, 2016, Civ. Action No. 6:16:-CV-0093-RP.  Great American requests this Court take notice of that related action.  Plaintiffs in this action did not properly serve Defendant with Plaintiffs' Original Petition.  On May 03, 2016, Plaintiffs filed Plaintiffs' Amended Petition.  Plaintiffs served Great American, Ironshore Specialty and Endurance American with their Amended Petition on May 03, 2016.[2]

3.   Great American timely filed its Original Answer in the State Court Action on May 20, 2016.[3]

---

[1] *See* state court docket sheet being filed herewith as Exhibit "A", attached hereto and incorporated herein by reference for all purposes.
[2] *See* return of service of process of Plaintiffs' Amended Petition to Great American, Endurance American and Ironshore Specialty being filed herewith as Exhibit "C", attached hereto and incorporated herein by reference for all purposes.
[3] *See* Great American Assurance Company's Original Answer and General Denial being filed herewith as Exhibit "G", attached hereto and incorporated herein by reference for all purposes.

2

4. This Notice of Removal is timely, as it is being filed within thirty days of Great American's receipt of service of the Plaintiffs' Amended Petition.[4] In addition, this removal is being filed within one year of the date that this suit was instituted.[5]

## Venue

5. Venue is proper in this district under 28 U.S.C. § 1446 (a) because this district and division embrace the place in which the removed action was pending and because Plaintiffs allege that a substantial part of the events giving rise to the Plaintiffs' claims allegedly occurred in this district.[6]

## JURISDICTIONAL BASIS FOR REMOVAL

6. This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, in that it is a civil action where there is complete diversity of citizenship between all properly joined parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This action may be removed by Great American under 28 U.S.C. § 1441(b)(2), as there are no local defendants because none of the Defendants are citizens of the State of Texas, where the action was brought.

7. A defendant may be disregarded as a party if the court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal.[7] "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."[8] Because there is no reasonable basis for this Court to predict that Plaintiff might be

---

[4] 28 U.S.C. § 1446(b).
[5] 28 U.S.C. § 1447(c)(1).
[6] *See* Plaintiff's Amended Petition, at p. 2, submitted herewith and incorporated herein by reference for all purposes as part of Exhibit "B".
[7] *Madison v.* Vintage *Pet., Inc.*, 114 F.3d 514 (5th Cir. 1997); see also *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004) (adopting the term "improper joinder" as being more consistent with statutory language than "fraudulent joinder," which has been used in the past).
[8] *Id.*, quoting *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009) (citing S*alazar v. Allstate Tex. Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir.2006)).

3

able to recover against Endurance American as shown below, <u>and</u> because the claims against Endurance American have no real connection to the claims against the other defendants, as also shown below, its presence should be disregarded in determining diversity jurisdiction and it should be disregarded as a party for purposes of considering diversity jurisdiction.[9]

8. Plaintiffs CF Industries Holdings, Inc. is an Illinois corporation with its principal place of business in the State of Illinois. Plaintiff CF Industries Holdings, Inc. is therefore a citizen of the State of Illinois and is not a citizen of the State of Texas.

9. Plaintiff CF Industries Sales, LLC is a Delaware limited liability corporation with its principal place of business located in the State of Delaware. Plaintiff CF Industries Sales, LLC is therefore a citizen of the State of Delaware and is not a citizen of the State of Texas.

10. Plaintiff CF Industries, Inc. is a Delaware limited liability company with its principal place of business in Illinois, and is therefore a citizen of Delaware and a citizen of the State of Illinois, and is not a citizen of the State of Texas.[10]

11. Defendant Great American is an insurance company organized in Ohio and maintains its principal place of business in Ohio, therefore, Great American is a citizen of the State of Ohio, and is not a citizen of the State of Texas.

12. Defendant Ironshore Specialty Insurance Company ("Ironshore Specialty") is an insurance company organized in Arizona which maintains its principal place of business in New York. Therefore Ironshore Specialty is a citizen of the State of Arizona and a citizen of the State of New York and is not a citizen of the State of Texas. Ironshore Specialty has not yet answered in this matter. Ironshore Specialty consents to this removal.[11]

---

[9] *Salazar v. Allstate Tex. Lloyd's Inc*., 455 F. 3d 571, 574 (5th Cir. 2006).
[10] *See Plaintiffs'* Amended Petition at p. 2, attached to Exhibit "B".
[11] *See* consent to removal from Ironshore Specialty, attached hereto as Exhibit "D" and incorporated herein by reference for all purposes.

13. Defendant Endurance American Specialty Insurance Company ("Endurance American") is a Delaware corporation which maintains its principal place of business in New York. Therefore, Endurance American is a citizen of the State of Delaware and a citizen of the State of New York, and is not a citizen of the State of Texas. Endurance American has not yet answered in this matter. Endurance American consents to this removal.[12]

14. In disregard of Rule 47 of the Texas Rule of Civil Procedure, Plaintiffs' Amended Petition fails to make the mandatory disclosure of the amount of monetary relief being sought.[13] However, despite this defect in the Plaintiffs' pleadings, the amount in controversy in this matter clearly exceeds $75,000. Here, the Plaintiffs' Amended Petition asserts that the underlying litigation giving rise to this matter results from the April 17, 2013 fire and explosion which occurred in the City of West, Texas, and that over 400 underlying Plaintiffs have filed claims against Plaintiffs in the Underlying Litigation, with only a total of 34 cases settled to date.[14] The dispute at issue in Plaintiffs' Petition relates to Plaintiffs' allegation that Great American and Ironshore Specialty owe a duty to pay Plaintiffs' defense expenses incurred in the Underlying Litigation. The defense expenses for which Plaintiffs seek coverage are currently well in excess of $75,000 and they are ongoing defense expenses. For example, the first bill for defense expenses that Plaintiffs submitted to Great American and Ironshore Specialty was for $91,463.76—representing only four (4) days of billable time. A copy of this invoice (with time entries redacted to protect attorney-client privilege) is attached.[15] Furthermore, when a Plaintiffs' pleadings do not allege a specific amount of damages, the removing defendant must

---

[12] *See* consent to removal from Endurance American, attached hereto as Exhibit "E" and incorporated herein by reference for all purposes.
[13] TRCP 47 was effective for all suits filed on or after March 1, 2013.
[14] *See* Plaintiffs' Amended Petition, Exhibit B, at 14, 16.
[15] *See* defense expense statement March 26-March 31, 2016, attached hereto as Exhibit "F" and incorporated herein by reference for all purposes.

only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[16] The Plaintiffs' suit encompasses all available damages for alleged breach of contract. Causes of action for breach of contract provide by statute for the award of attorneys' fees as a measure of damages to a prevailing plaintiff.[17] Where attorneys' fees are provided for by statute as a measure of damages under the statute creating the cause of action, the attorneys' fees are properly considered by the Court in assessing the amount in controversy. Given the nature of the Plaintiffs' claims against the Defendants asserting that Plaintiffs' defense costs are owed by Defendants, as well as asserting entitlement to attorneys' fees, the alleged damages in this action clearly exceed $75,000.[18]

### Improper Joinder of Endurance American Specialty Insurance Company

15. Endurance American has been improperly joined in this case to defeat diversity jurisdiction because there is no possibility of establishing a cause of action against Endurance American, and therefore "no possibility of recovery" by Plaintiffs against Endurance American.[19] Conclusive or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show the defendant was properly joined.[20] In this instance, Plaintiffs do not even assert <u>any</u> allegations of wrongdoing, and merely seek to reform the policy issued to them by Endurance American in an effort to defeat diversity.

16. Additionally, Endurance American has been improperly joined in this case by

---

[16] *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994).
[17] *See*, e.g., *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002) (holding that where plaintiff can recover attorneys' fees for a breach of contact claim, the potential fee recovery may be considered toward the amount in controversy; and *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are *inter alia* penalties, statutory damages, and punitive damages).
[18] *See Chittick*, 844 F. Supp. at 1155-56.
[19] *Smallwood*, 385 F.3d at 573.
[20] *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000).

Plaintiffs to defeat diversity jurisdiction because the claims against Endurance American have no real connection to the claims against the other defendants.[21] Plaintiffs seek reformation of the policy issued by Endurance American in an attempt to re-write the Endurance American policy to afford defense coverage as an effort to attempt to secure its non-diverse presence in their case. However, as Plaintiffs admit, Endurance American has paid its indemnity limits in settling claims in the Underlying Litigation.[22] Endurance American therefore has no further involvement in the Underlying Litigation, and is accordingly an irrelevant party in this litigation filed against the Defendants.

17. Moreover, Plaintiffs obtained the benefit of defense coverage notwithstanding the absence of defense benefits from Endurance American, because, as pled by Plaintiffs, such defense was afforded by North American Elite Insurance Company.[23] <u>Therefore, Plaintiffs can show no harm by the absence of defense coverage under the Endurance American policy. Whether Endurance American did or did not provide defense coverage to Plaintiffs does not impact whether Defendants Great American or Ironshore Specialty's policies provide an obligation to provide defense coverage to Plaintiffs.</u> Therefore, Plaintiffs' Amended Petition does not set forth a single state law claim against Endurance American, and pleads for reformation of the now-irrelevant Endurance American policy only in an attempt to join an unnecessary party which has no connection to the claims asserted by Plaintiffs against Defendants Great American Assurance Company and Ironshore Specialty Insurance Company.

18. Plaintiffs must allege "specific actionable conduct" sufficient to support the causes of action asserted against non-diverse defendants.[24] Here, Plaintiffs do not. Ultimately,

---

[21] *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 *5th Cir. 2006).
[22] *See* Plaintiffs' Amended Petition, contained in Exhibit "B," at 28.
[23] *See* Plaintiffs' Amended Petition, Exhibit "B", at 24.
[24] *Griggs v. Berkley National Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

7

"whether the plaintiffs have stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[25]

19.     When determining the possibility of recovery under state law, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[26] Under the Federal Rules, adequate pleading requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do.[27] "Factual allegations must be enough to raise a right to relief above the speculative level."[28]

20.     Plaintiffs have named Endurance American as a defendant, but do not make *any* specific or distinguishable factual allegations of wrongdoing or causes of action against it, other than a general plea for reformation.  Plaintiffs vaguely allege that Endurance American issued a policy which Plaintiffs assert should have provided defense coverages, but which it did not, and Plaintiffs therefore seeks reformation of that policy, solely as a method of attempting to destroy diversity in this action.  Reformation of the Endurance American policy would not result in any recovery by Plaintiffs for anything because Plaintiffs were already provided with defense coverage by the insurer who did provide such coverage, North American Elite Insurance Company, and as pled by Plaintiffs, North American Elite Insurance Company did, in fact, cover and pay Plaintiff's defense counsel directly for those legal expenses up until underlying coverage was exhausted.[29] Plaintiffs do not plead a single cause of action against Endurance American, aside from the plea for reformation of the Endurance American Specialty Insurance Company,

---

[25] *Id.* at 700.
[26] *Smallwood,* 385 F.3d at 573.
[27] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).
[28] *Hayden v. Allstate Texas Lloyds*, 2011 WL 240388 *6 (S.D. Tex. 2011).
[29] *See* Plaintiffs' Amended Petition, Exhibit "B", at 24.

which cannot result in recovery for Plaintiffs and which does not have a connection to the claims against Great American and Ironshore Specialty. These allegations simply do not meet the standard of a Rule 12(b)(6) type of analysis.

21.     Plaintiffs have not and cannot plead any specific actionable conduct on the part of Endurance American, and Plaintiffs' request for reformation of the Endurance American policy has no connection to Plaintiff's claims against the remaining Defendants.  As such Plaintiff's joinder of Endurance American was improper.  The Court should disregard Endurance American's citizenship for purposes of determining whether complete diversity exists among the parties. [30]

## Additional Documents Filed
## In Support of Removal

22.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court suit are being filed with this Notice.

23.     Pursuant to 28 U.S.C. § 1446(d), Defendant Great American Assurance Company will provide prompt written notice of the filing of this Notice of Removal to the Plaintiffs, and will file a notice with the Clerk of the 170th Judicial District Court of McLennan County, Texas.

                                                          Respectfully submitted,

                                                          MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

                                                          By: /s/ *Christopher W. Martin*
                                                               Christopher W. Martin
                                                               E-Mail: martin@mdjwlaw.com
                                                               State Bar No.: 13057620
                                         808 Travis Street, 20th Floor
                                         Houston, Texas 77002
                                         Telephone:  (713) 632-1700

---

[30] *Madison*, 114 F.3d at 514; *Smallwood*., 385 F.3d at 571.

Facsimile:   (713) 222-0101

**ATTORNEYS FOR DEFENDANT,
GREAT AMERICAN ASSURANCE
COMPANY**

**OF COUNSEL:**
Kennetha W. Lucas
Texas Bar No. 24009824
Federal I.D. No. 32330
lucas@mdjwlaw.com
Martin, Disiere, Jefferson & Wisdom, L.L.P.
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above Defendant Great American Assurance Company's Notice of Removal has been forwarded *via* facsimile, electronic filing and/or certified mail, return receipt requested, on this the 20th day of May 2016 to:

Peter K. Rusek
State Bar No. 17400400
510 N Valley Mills Drive, Suite 500
Waco, TX 76710-6077
254.772.8022 Telephone
254.772.9297 Facsimile
prusek@slmpc.com

Angela R. Elbert
Seth D. Lamden
Jason A. Frye
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
(312) 269-8000
aelbert@ngelaw.com
slamden@ngelaw.com
jfrye@ngelaw.com

*/s/ Kennetha W. Lucas*
Kennetha W. Lucas
